RECEIVED

FORM TO BE USED BY FEDERAL PRISONERS IN FILING A
PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 SECTION 2241

2007 AUG 14 A 11: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

In the United States District Court

for the __Middle__ District of __Alabama__

————————————— Division

__WILLIE LOUIS MACK__
                    Petitioner.
__FCI TALLADEGA, 565 EAST RENFROE__

__ROAD, PMB 1000, TALLADEGA, AL. 35160__
(Address or place of confinement and prison
number. Full name which convicted under).

vs.

__ALABAMA PARDONS & PAROLES BOARD,__et al.
                    Respondent.
__DONAL CAMPBELL, COMMISSIONER__

__ALABAMA DEPARTMENT OF CORRECTIONS__
(Name of Warden or other authorized
person having custody of petitioner)

Case No. __2:07cv 729-MEF__

TO BE ASSIGNED BY
COURT CLERK'S OFFICE

**PLEASE COMPLETE THE FOLLOWING:** (Check appropriate number)

This Petition concerns:

1.   a.   _____ a conviction.

     b.   _____ a sentence.

     c.   _____ jail or prison conditions.

     d.   _____ prison discipline.

     e.   __XXXXXX_____ a parole problem.

     f.   _____ other.

Page 2

2.      Place of detention: Federal Correctional Institution, Talladega, Al.

3.      Name and location of court which imposed sentence: Circuit Court, Tuscaloosa
        County, Alabama

4.      The indictment number or numbers (if known) upon which, and the offense or offenses for
        which sentence was imposed:

        (a)     Criminal Case Number: CC-88-588

        (b)     Criminal Case Number: CC-89-496

        (c)     N/A

5.      The date upon which sentence was imposed and the terms of sentence:

        (a)     On or about April 30, 1990

        (b)     N/A

        (c)     N/A

6.      Check whether a finding of guilty was made:

        (a)     After a plea of guilty    XXXX

        (b)     After a plea of not guilty

        (c)     After a plea of nolo contendere

7.      If you were found guilty after a not guilty plea, check whether the finding was made by:

        (a)     A jury    N/A

        (b)     A judge without a jury    XXXX

8.      Did you appeal from the judgment of conviction or the imposition of sentence?

                        (X) Yes                                ( ) No

9.      If you did appeal, give the following information for each appeal:

        a.      (1)     Name of Court   ALABAMA COURT OF CRIMINAL APPEALS

                (2)     Result   DISMISSED

Page 3

9.    a.    Continued

    (3)    Date of Result __Unknown__

    (4)    Citation or Number of Opinion __Unknown__

    (5)    Grounds raised (list each)

      (a) __Unknown__

      (b) __N/A__

      (c) __N/A__

      (d) __N/A__

  b.    (1)    Name of Court __N/A__

    (2)    Result __N/A__

    (3)    Date of Result __N/A__

    (4)    Citation or Number of Opinion __N/A__

    (5)    Grounds Raised (list each)

      (a) __N/A__

      (b) __N/A__

      (c) __N/A__

      (d) __N/A__

**CAUTION:** If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.S. Section 2255 in the federal court which entered the judgment.

10.    State **CONCISELY** every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Page 4

10 Continued

a. Ground One: Whether The Alabama Pardons And Parole Board's Failure
To Accord Petitioner A Prompt Parole Hearing Violates The Principles
Of Morrissey V. Brewer, 408 U.S. 471 (1971) And Deprives The Petition-
er Of His Substantive And Procedural Rights Under The Fourteenth Amend-
ment Due Process Clause Where: (1) On or about March 6, 2001, the Comm-
issioner of the Alabama Department of Corrections caused a Fugitive
Warrant to be issued for Petitioner's arrest as a State of Alabama Par-
ole violator at the behest of the Alabama Pardons and Parole Board and,
which was lodged with federal prison authorities as a detainer against
the Petitioner, (2) On March 21, 2001, Petitioner was served with the
Fugitive Warrant by federal prison authorities which triggered the Due
Process requirements enunciated in Morrissey, and thus, (3) when Petit-
ioner thereafter addressed a correspondence to the attention of the
Alabama Pardons and Parole Board, and the Alabama Department of Correct-
ions, requesting that he be given a prompt parole revocation hearing in
accordance with his Due Process rights and the United States Supreme
Court's holding in Moody v. Daggett, 429 U.S. 78 (1976), the requested
parole revocation hearing was constitutionally required? If so, Whether
The Petitioner Is Now Entitled To Habeas Corpus Relief Under 28 U.S.C.
§ 2241 In The Form Of A Court Order Directed To The Respondents That
Petitioner's State of Alabama Parole Be Promptly Reinstated And That
The Fugitive Warrant Lodged Against Him As A Detainer Be Rescinded And
That The Petitioner Be Accorded All Time Served Towards The Completion
Of His State Sentence In Case Number CC-89-496 From At Least March 21,
2001 Up To The Present And, That Petitioner Be Paroled To His Federal
Sentence He Is Presently Serving?

**Supporting FACTS.** Yes. The Alabama Pardons and Parole Board's

complete failure to accord Petitioner a prompt parole revocation

hearing is clearly in direct conflict with the principles of the

Supreme Court's decision in Morrissey v. Brewer, 408 U.S. 471 (1971),

and thereby deprives this Petitioner of his most fundamental substant-

ive and procedural rights under the Fourteenth Amendment Due Process

Clause. More specifically, on or about January 24, 2000-while released

on state parole, granted by the Alabama Pardons and Parole Board

on March 6, 1996-Petitioner was arrested by federal authorities in

Van Horn, Texas. Due to his being on state parole at the time of his

arrest, from the State of Alabama, the federal court declined to grant

Page 5
10 Continued

Petitioner bail.[1]

On January 29, 2001, Petitioner was received at Federal Correct-
ional Institution ("FCI") Talladega, Alabama to serve a 15-year
federal sentence, and subsequently addressed a correspondence to
the Alabama Pardons and Parole Board ("Parole Board"), in which
he requested a parole hearing to determine the fate of his state
parole, as federal prison authorities had assigned him negative
security points because of his state parole-despite the fact that,
at the time, no detainer had been lodged against him by the Parole
Board. However, the assignment of the negative security points,
by the federal prison's classification team, restricted Petitioner's
eligibility for placement in any lower security-level federal facili-
ties. Petitioner received no response from his state parole officer
nor from the Parole Board. However, Petitioner was informed by
his FCI Talladega's classification team that, because he was serving
concurrent state sentences (10-years in criminal case no. CC-88-588
and 19-years in criminal case no. CC-89-496), they (federal prison
officials) had been notified by the Alabama Department of Corrections
that his 10-year state sentence, in case no. CC-88-588, had expired.

On or about March 21, 2002, Petitioner was actually served
with the Fugitive Warrant-which has now been placed against him

---

1. It is noted here that although the federal judge denied bail
to Petitioner because of his being on state parole, the State of Ala-
bama Parole Board and Alabama Department of Corrections declined to
file a detainer with the federal authorities against Petitioner. Never-
theless, Petitioner was denied bail on the basis of his state parole
by the federal court.

Page 6

with the federal prison as a detainer-by federal prison authorities
and provided with a copy of the same. Thereupon, Petitioner wrote an-
other correspondence addressed to the Parole Board, properly request-
ing a parole hearing in accordance with Morrisey v. Brewer, Supra, on
the basis that he had been "served" with the Fugitive Warrant (parole
violator warrant), as determined in Moody v. Daggett, Supra. Again, no
actions were taken on the part of the Parole Board.

More resently, on January 28, 2007, Petitioner prepared and sub-
mitted a pro se request to the the Parole Board's Chairman, and the
Commissioner of the Alabama Department of Corrections, in which he pray-
ed for relief from the detainer lodged against him on or about March
6, 2001 by those respective state departments.[2] To date, however, no act-
ions by the Parole Board nor the Department of corrections have ensued.

Thus, on the basis of the material facts of Petitioner's case, the
Parole Board and the Alabama Department of Corrections' complete failure
to conduct a prompt parole revocation hearing and, to accord Petitioner
the time served in connection with his state sentence in Tuscaloosa Co-
unty, Alabama Circuit Court case number: CC-89-496,[3] from as early as
March 21, 2001-the date that Petitioner was actually served with the

---

2. Petitioner delivered this latter request via certified mail
with return receipt requested(Article Number: 7004.0550.0000.7056.5930),
which was actually received and signed by Parole Board official "Cornell
Sony".

3. It should be especially noted by this Court that Respondents act-
ually credited Petitioner Mack with time served while in federal custody
regarding his concurrent state sentence in case #CC-88-588 but, arbitrar-
ily and capriciously restricted his ability to earn the same credit on
his concurrent state sentence in case #CC-89-496.

parole violator warrant by federal prison authorities-violates Petit-
ioner's rights to due process of law. Habeas Corpus relief under 28
U.S.C. § 2241 is therefore required in the present case, as no other
means to obtain relief from the constitutional violation(s) by the
Respondents are available to this pro se Petitioner.

Page 8

10.    Continued

    c.    Ground Three:  N/A

_____ N/A _____

_____

_____

Supporting **FACTS** (tell your story **BRIEFLY** without citing cases or law).

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

    d.    Ground Four:  N/A

_____ N/A _____

_____ N/A _____

_____ N/A _____

Supporting **FACTS** (tell your story **BRIEFLY** without citing cases or law).

_____ N/A _____

_____ N/A _____

_____ N/A _____

_____ N/A _____

11.    Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?

        (XX) Yes                         ( ) No

Page 9

12.    If your answer to question number 10 was "yes", give the following information:

    a.    (1)    Name of Court UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ALABAMA

        (2)    Nature of Proceeding 28 U.S.C. § 2254 PETITION

        (3)    Grounds raised CONVICTION AND SENTENCE ILLEGAL AND INEFFECTIVE ASSISTANCE OF COUNSEL.

        (4)    Result DISMISSED/RELIEF DENIED

        (5)    Date of Result UNKNOWN

        (6)    Citation or number of any written opinion or order entered pursuant to each such disposition.

N/A

    b.    (1)    Name of Court ELEVENTH CIRCUIT COURT OF APPEALS

        (2)    Nature of Proceeding APPLICATION FOR CERTIFICATE OF APPEALIBILITY

        (3)    Grounds raised DISTRICT COURT ERRED IN ITS DECISION REGARDING TIME BAR OF THE PETITION/OTHERS UNKNOWN

        (4)    Result DENIED

        (5)    Date of Result UNKNOWN

        (6)    Citation or number of any written opinion or order entered pursuant to each such disposition.

N/A

Page 10

13.  If you did not file a motion under Section 2255 of Title 28 United States Code, or if you filed such a motion and it was denied state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

Section 2255 is considered an inadequate vehicle for which a

state prisoner may contest his state parole conditions and or

matters.

_____

_____

14.  Are you presently represented by counsel?  ( ) Yes  (X) No

If so, name, address and telephone number: N/A _____

_____

Case name and court: __N/A_____

15.  If you are seeking leave to proceed <u>in forma pauperis</u>, have you completed the declaration setting forth the required information?    SEE ATTACHED MOTION

                    (X) Yes                    ( ) No

WHEREFORE, Petitioner prays that the court grant Petitioner relief to which he may be entitled in this proceeding.

Signed this __9TH__ day of __AUGUST_____, 2007

                              _Willie S. Mack_____
                              Petitioner
                              WILLIE LOUIS MACK, <u>PRO SE</u>

Page 11

## DECLARATION

I, WILLIE LOUIS MACK                , declare under penalty of perjury that I have

read and subscribe to the above and state that the information contained herein is true and correct

to the best of my knowledge.

Executed: This 9th day of August              , 2007 at the location of FCI TAL-

LADEGA, ALABAMA 35160

_Willie S. Mack_
Petitioner's Signature
WILLIE LOUIS MACK, PRO SE

N/A
Signature of Attorney (if any)
Address of Attorney:




Telephone: N/A
Fax Number: N/A



MR. WILLIE LOUIS MACK, #02948-180
FEDERAL CORRECTIONAL INSTITUTION
565 EAST RENFROE ROAD, PMB 1000
GAMMA-B
TALLADEGA, ALABAMA 35160

*********LEGAL MAIL*********

RECEIVED
AUG 10 2007
FCI TDG

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101

*********LEGAL MAIL*********