IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE LOUIS MACK, #153077, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v | ) Civil Action No.2:07cv729-MEF |
| | ) |
| ALABAMA BOARD OF PARDONS | ) |
| & PAROLES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

On August 9, 2007 (Doc. No. 1), Petitioner filed the instant application for habeas corpus relief pursuant to 28 U.S.C. § 2241, alleging that the Alabama Board of Pardons & Paroles has failed to afford him a prompt parole revocation hearing.[1]  The undersigned finds from a review of the petition that it cannot be properly and effectively processed without a response from Respondents.

Accordingly, the Clerk of Court is DIRECTED to send a copy of the petition and this order to the Attorney General of the State of Alabama, General Counsel for the Alabama Board of Pardons & Paroles, and to Warden Darlene Drew.  An answer shall be filed with the court and served upon Petitioner within 20 days of service on the Attorney General of the

---

[1] Although the instant petition was date-stamped "received" in this court on August 14, 2007, it was signed by Petitioner on August 9, 2007.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the day it is signed by the inmate.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Accordingly, this court deems August 9, 2007, as the date of filing.

State of Alabama. In filing their answer, Respondents should comply with the provisions of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts*, which requires, in pertinent part, that the answer

> ... indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings haven been recorded and not transcribed.

Rule 5 also requires that Respondents attach to their answer such portions of the transcript as they deem relevant.

**Additionally, Respondents shall make specific reference to 28 U.S.C. § 2244(d)**, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2254(d)(1) of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") significantly "modifies the role of federal habeas courts in reviewing petitions filed by state prisoners." *Williams v. Taylor,* 529 U.S. 362, 403, 120 S.Ct. 1495, 1518 (2000). In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-05, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a

3

>federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wilson v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**Thus, if Respondents contend that this court is precluded from granting habeas relief because claims raised by Petitioner have been properly adjudicated by the state courts in decisions neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, Respondents must identify to this court the decision of the state court on each claim**. Moreover, if Petitioner has not raised his federal claims in the state courts and has an available state court remedy wherein he may present such claims, Respondents shall identify the remedy available to Petitioner. The court deems such action necessary as the law requires that an application for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(1)(b)(1)(A). **In addition, if this court is barred from reviewing a**

**petitioner's claims due to his failure to properly present any of the federal claims to the state courts, Respondents shall identify the defaulted claim(s) and provide a basis for the procedural default.**

**The parties are advised that no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the petition may be filed by any party without permission of the court**. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court. **Petitioner is cautioned that all amendments to the petition should be accompanied by a motion to amend and must be filed within ninety (90) days from the date of this order**.

The *Federal Rules of Civil Procedure* require that Petitioner mail to the lawyer for Respondents a true copy of anything which is sent to the court. Consequently, Petitioner is advised that he should mail to the Attorney General of the State of Alabama a true copy of anything that he sends to the court. Failure to do so may result in delaying resolution of this case. Anything sent to the court should specifically state that it has been sent to the Attorney General of the State of Alabama.

Petitioner is specifically **CAUTIONED** that his failure to file pleadings in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will

result in such pleadings not being accepted for filing. The Clerk of Court is DIRECTED to not accept for filing any pleadings submitted by Petitioner which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

Done this 6th day of September, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE