# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**WILLIE LOUIS MACK,**
   **Petitioner,**

           Vs.                                        Case #2:07cv729-MEF

**ALABAMA BOARD OF**
**PARDONS &S PAROLES, et al.,**
   **Respondents.**

### ANSWER TO PETITION
### FOR WRIT OF HABEAS CORPUS
### ON BEHALF OF THE
### ALABAMA BOARD OF
### PARDONS & PAROLES

Comes now the Alabama Board of Pardons & Paroles, and shows unto the Court as follows:

1)   Petitioner is incarcerated at FCI Talladega, an institution operated by the United States Department of Justice, serving a sentence for a crime against the United States.

2)   Petitioner's liberty is currently restrained by the United States, not by the State of Alabama.

3)   Petitioner was paroled from an Alabama sentence. While on parole, he remained in the legal custody of the Alabama Department of Corrections, but under the supervision of the Alabama Board of Pardons and Paroles.

4) While at large on parole, petitioner left the State of Alabama without permission and was arrested in Texas for a new felony.

5) As a result of these parole violations, petitioner was declared to be a delinquent parolee and a fugitive warrant was issued for his arrest as a parole violator.

6) Petitioner is currently a fugitive from his Alabama sentence, who is serving an intervening sentence imposed by the United States.

7) Whenever petitioner is returned to the custody of the State of Alabama as a parole violator, he will be entitled to a timely parole revocation hearing to determine whether his new felony conviction warrants revocation of his parole.

8) So long as petitioner is serving this intervening sentence, the State of Alabama is under no constitutional duty to retrieve him from the custody of the United States for purposes of affording him a parole revocation hearing.

9) So long as petitioner is serving this intervening sentence, the State of Alabama has no authority to demand that the United States deliver him into its custody for purposes of affording him a parole revocation hearing.

10) This case fails to present a justiciable controversy, in that it is not yet ripe for adjudication.

11) This case fails to present a justiciable controversy, in that the State of Alabama is not currently restraining his liberty. In law and in fact, he is a fugitive from the State of Alabama and will remain in that status until he completes his Federal sentence or until the Board of Pardons and Paroles, in its discretion, determines that it would be appropriate to void its declaration of delinquency and authorize the Department of Corrections to withdraw its fugitive warrant.

12) A fugitive is not entitled to a prompt hearing to challenge the lawfulness of the charges lodged against him until he is returned to the custody and control of the sovereign from whom he fled.

13) If this Court assumes the truth of the facts averred in the petition, the petition avers no facts to support the inference that the State of Alabama or its agencies or agents are restraining petitioner contrary to the Constitution or laws of the United States. To the contrary, the petition reveals on its face that petitioner is in the custody of the United States, and that the State of Alabama has

        requested that he be returned to Alabama custody upon completion of his Federal sentence.

14) This Court lacks jurisdiction to entertain the petition for habeas relief, in that petitioner has not exhausted available remedies under State law to challenge the State's actions or its failure to act.

15) In particular, if there were any merit to petitioner's claim that he should have a revocation hearing prior to completion of the intervening Federal sentence, mandamus would lie in the Montgomery Circuit Court to compel the Board to perform its mandatory duty.

16) The Board of Pardons & Paroles is not the agency responsible for calculating the end of sentence dates for prisoners in Alabama. That legal responsibility rests with the Department of Corrections. However, it appears that petitioner's ten-year sentence expired before he was declared delinquent on parole. The nineteen-year sentence is apparently, so far as this agency can tell, the only Alabama sentence remaining outstanding against petitioner.

17) The petition fails to state a claim upon which relief may be granted. Petitioner seeks a determination that the State of Alabama is unconstitutionally restraining him while he serves a sentence for

4

an offense he committed against the United States while he was outside the State of Alabama without permission of his parole officer. The mere fact that the State of Alabama has informed the Bureau of Prisons that it intends to retrieve the fugitive upon completion of his sentence does not restrain him further than he is restrained by virtue of his sentence for violating the laws of the United States. The mere fact that Federal authorities have taken the facts surrounding his parole violation into account in assessing the risk that he might attempt to escape and in determining what security precautions the Federal authorities should take does not constitute a restraint on his liberty on the part of the State of Alabama.

18) If petitioner contends that the lodging of the fugitive warrant as a detainer constitutes a restraint on his liberty, he failed to challenge that action in the courts of Alabama or the courts of the United States within one year of the alleged restraint. However, the Board believes that the better reading of the limitations statute would be that the one-year limitations period runs from the date parole is revoked. That event will not occur, if at all, until after a revocation hearing has been afforded pursuant to *Morrissey,* and the hearing

will not be scheduled until petitioner is returned to the custody of the State of Alabama. It is conceivable that, prior to petitioner being returned to Alabama custody, the Board may decide to void the delinquency and to allow petitioner's Alabama sentence to end.

19) There is no record for this Court to review, because the decision has not yet been made to revoke petitioner's parole. The State of Alabama is under no duty to make that decision while petitioner is in the custody of another sovereign. If and when he is returned to Alabama custody, a prompt hearing can be held to determine whether he is guilty of violating parole by going to Texas to commit a felony, and a record can be made for courts to review. Until and unless his parole is revoked, this controversy is not ripe for adjudication.

WHEREFORE, premises considered, the State of Alabama and the Alabama Board of Pardons & Paroles respectfully urge this Court to deny the writ and to dismiss the petition without prejudice, so as to preserve to petitioner the opportunity to challenge the revocation of his parole if that contingency ever occurs.

                                Respectfully submitted,

                                TROY KING
                                ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on 9-26-07, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**WILLIE LOUIS MACK
FCI TALLADEGA
565 EAST RENFROE ROAD, PMD 1000
TALLADEGA, ALABAMA 35160**

Done this **26th** day of **September**, 2007.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov