IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 OCT 24 A 9:50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIE LOUIS MACK, #153077,
Petitioner,

vs. * Civil Action No.2:07cv729-MEF

ALABAMA BOARD OF PARDONS
& PAROLES, et al.,
Respondents.

**PETITIONER'S REPLY TO RESPONDENTS' ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND MOTION IN COMPLIANCE TO COURT ORDER OF SEPTEMBER 27, 2007**

Comes now, Willie Louis Mack (AIS #153077), the pro se Petitioner[1] in the above styled and numbered cause, and hereby respectfully files a Reply to Respondents' Answer to his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and Motion in compliance to this Court's order dated September 27, 2007.

**FACTUAL BACKGROUND**

The facts of the instant case are not in dispute: On or about March of 1996, the State of Alabama Pardons and Paroles released

---

1. In accordance with the governing legal principles, Petitioner Mack respectfully requests that this Court review his pro se pleadings liberally, and where Respondents' answer does not assure this Court that he can prove no set of facts in support of his claims, habeas corpus relief should be granted. See Hughes v. Rowe, 449 U.S. 5, 9-12 (1973)(quoting Haines v. Kerner, 404 U.S. 519, 520-521 (1972)).

Petitioner Mack from a state prison facility in Alabama, and allowed him to serve the remainder of his ten (10) and nineteen (19) year concurrently ran sentences on state parole. (Doc. 1, pp. 4-5). However, while serving his parole sentence, Mack was arrested and convicted by federal authorities in the Western District of Texas on an unrelated drug offense.[2] Mack was sentenced federally to a term of 180-months (15 years) imprisonment on October 18, 2000, to the custody of the Federal Bureau of Prisons (BOP).

On January 29, 2001, Mack was received at a Federal Correctional Institution in Talladega, Alabama, to begin service of his federal sentence and, on or about March 6, 2001, the Alabama Board of Pardons and Paroles (Parole Board), via the Alabama Department of Correctionas (DOC), caused a Fugitive Warrant to be issued for Mack's arrest as a State of Alabama parole violator. Exhibit-A[3]. See also Exhibit-B (Petitioner Mack's Letters addressed to the Alabama Board of Pardons and Paroles and other State of Alabama officials).

On March 21, 2001, the Fugitive Warrant at issue was actually served on Mack by federal prison authorities at FCI Talladega, and he was provided with a copy of the same for his personal records.

---

2. Although Mack's federal conviction occurred in August, 2000, the constitutionality of that conviction is currently being challenged in the federal courts. It is noteworthy however, that at the time, Mack had been upgraded to unsupervised state parole and thus did not require prior approval before traveling out-of-state.

3. Exhibit-A consists of an actual copy of the Fugitive Warrant and is attached hereto for the Court's convenience. Also, reference to the relevant Exhibits will be made by citing to the particular Exhibit and page (p.) number.

Id., at Exhibit-A. Mack then addressed a letter to the Parole Board, including, but not limited to, his then assigned state parole officer (Mr. Alex Dowdy), in which Mack requested that, because he had been actually "served" with the Fugitive Warrant, he be given a prompt parole hearing in accordance with the United States Supreme Court's decision in Morrissey v. Brewer[4] and Moody v. Dagget[5]. (Doc. 1, at 5-6); Exhibit-B (Letter dated March 24, 2001).[6]

Subsequently, and after giving the Parole Board an opportunity and reasonable amount of time for which to accord Mack the required parole revocation hearing; on January 28, 2007, Mack submitted a final request to the Parole Board and the DOC, in which he prayed for relief from the Fugitive Warrant lodged against him as a detainer. (Doc. 1 at 6); Exhibit-B (Letter dated January 28, 2007). After receiving no response from the Respondents' respective offices; Mack then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Id., at (Doc.1). This Court directed that the State of Alabama file an answer to the petition (Doc.5), which has now been done. (Doc.6). The present pro se "Reply" is hereby submitted in opposition to the Respondents' answer and request for dismissal, and is further submitted in compliance with this Court's order dated September 27, 2007. (Doc. 12).

4. 408 U.S. 471 (1971).

5. 429 U.S. 78 (1976).

6. Subsequent to this request for a parole hearing, Mack's federal prison Case Manager, Ms. S. Abner, had telephoned the Alabama Board of Pardons & Paroles, as well as the DOC, in connection with his parole situation.

I.

FEDERAL COURTS' JURISDICTION TO ENTERTAIN A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 SEEKING CHALLENGE TO STATE'S VIOLATION OF A PRISONERS' RIGHTS TO DUE PROCESS CONTRARY TO THE CONSTITUTION OR LAWS OF THE UNITED STATES

A. This Federal Court has proper authority and jurisdiction to entertain the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

As an initial matter, this Court has the authority and proper jurisdiction to entertain the instant petition for writ of habeas corpus for the following reasons:

Title 28 U.S.C. Section 2241 provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the ....district courts ....within their respective jurisdictions.

28 U.S.C. § 2241(a)(Emphasis added)). In the present case, it is without question that the Respondents are well within the jurisdiction of the United States District Court for the Middle District of Alabama. Also, Subsection (c)(1) further provides in part that: "The writ of habeas corpus shall not extend to a prisoner unless-

> (1) He is in custody under or by color of the authority of the United States or ...some court thereof; or
> (3) He is in custody in violation of the Constitution or laws of the United States ...

See Id., at Subsections (c)(1) & (3). Again, it cannot be questioned that, where federal prison authorities actually "served" Petitioner Mack with the Fugitive Warrant-issued by the Respondents as a detainer-and provided him with a copy of the same for his records, Petitioner is reasonably considered to be in the custody of the Respondents, for the purposes of triggering his rights under the Due Process Clause to a prompt parole revocation hearing in accordance with the Fourteenth Amendment, and the Supreme Court's decision

in Morrissey v. Brewer, 408 U.S. 471 (1972) and Moody v. Daggett, 429 U.S. 78 (1976). Moreover, Subsection (d) of Section 2241 prescribes that: "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d). Thus, even if this Court is the wrong jurisdiction for Mack's petition for writ of habeas corpus; the law does not require the Court to dismiss the petition, but simply to transfer it to its proper jurisdiction. Id.

Where the Respondents asserts that "[t]his Court lacks jurisdiction to entertain the petition for habeas relief," (Doc.6, at 4 ¶14), this Court is asked to find to the contrary. Jurisdiction to entertain the petition-as Petitioner Mack clearly does not allege that he is entitled to habeas corpus relief because Respondents have failed to comply with a parole revocation procedure found in a statute, but to the contrary, what Petitioner Mack asserts is that he is entitled to habeas relief due to the fact that Respondents have violated his substantive and procedural due

process rights, where they have failed to accord him with a process that is clearly due. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)("[O]nce it is determined that the Due Process Clause applies, 'the question remains what process is due'")(Quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)(Internal quotation marks omitted, emphasis added)). The process due meaning that the Respondents-once they were made aware of the fact that Petitioner Mack, a State of Alabama alleged parole violator, had been actually served with their fugitive warrant by prison authorities-were required by the laws and Constitution of the United States to grant a prompt parole revocation hearing in order to determine the fate of Petitioner Mack's state parole. See Id., at 470 U.S., at 541 ("The right to due process 'is conferred, not by legislative grace, but by constitutional guarantee.'"). Accordingly, where the Morrissey Court has long ago settled the question of when a parole violator is entitled to a prompt parole revocation hearing, and the Moody Court clearly provided that "an adversary parole hearing [is not required] until [the parolee] is taken into custody as a parole violator by execution of the warrant[,]" Moody, 429 U.S., at 89; this Court has proper authority to consider the federal question as to whether the Respondents' failure to conduct the required parole revocation hearing in a timely manner-after learning of the fact that their fugitive warrant had been served on the Petitioner-violates the Due Process Clause, and thus, exceeds the holdings of Morrissey, and Moody, Supra. Should this Court answer these constitutional questions in the affirmative, then Petitioner

Mack is in custody for the purpose of 28 U.S.C. § 2241, and is thereby entitled to habeas corpus relief, within this Court's jurisdiction to accord such relief. See 28 U.S.C. § 2241(a) & (c)(3). See also Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998)("Parole is a form of 'custody' so it is proper to use § 2241 to contest its continuation-though § 2241 carries certain disadvantages for the petitioner.")); see also Fay v. Noia, 372 U.S. 391, 398-99 (1963)(Holding that: "Federal courts have power under federal habeas statute to grant relief despite the applicant's failure to have pursued a state remedy not available at the time he applies ...")(Emphasis in original, quotation marks added)). At the time Petitioner Mack filed the instant petition for habeas corpus relief in this Court, no state remedies were available to him, contrary to the Respondents' assertions otherwise, See (Doc. 6, at 4 ¶15)[7], as a petition to the state court for a writ of mandamus would not have been an appropriate vehicle for the Petitioner to utilize in order to seek redress for Respondents' intentional deprivation of his federally ensured constitutional rights as, although Respondents properly acknowledge that they have a "mandatory duty" to conduct the presently sought parole revocation hearing (Id., at 4 §15), they nevertheless fail to comprehend that,

7. The Respondents asserts that: "In particular, if there were any merit to petitioner's claim that he should have a revocation hearing prior to completion of the intervening Federal sentence, mandamus would lie in the Montgomery Circuit Court to compel the Board to perform its mandatory duty." (Emphasis added).

where federal courts have considered mandamus to be appropriate[8], in cases that are factually distinguishable from that of the Petitioner here; those prior court decisions clearly considered, and were faced with factors centered-not on the parolee being served with the parole violator warrants while they were serving intervening sentences or the parole boards' mandatory duties thereafter-but upon the parole boards' "discretionary" power, where the parolee sought a revocation hearing while serving an intervening sentence and the parole violator warrant had only been lodged against them as adetainer, but had not been "served" on the parolee. Accordingly, the cases cited by this Petitioner in footnote-8 below controls, and requires that this Court find that, because Petitioner Mack does not seek to compel the Respondents' compliance with a statute-by which the Parole Board has been vested with the

8. See Heath v. United States Parole Com'n, 788 F.2d 85, 89 (2nd Cir. 1986)(Parole violator warrant issued as detainer but not served: "[I]he appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute.)); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983)("The appropriate remedy for a § 4214 default [] is a writ of mandamus to compel Commission's compliance with the statute not a writ of habeas corpus to compel release on release on parole ...")); Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir. 1982)("The appropriate remedy for a default by the Commission is a writ of mandamus to compel compliance with the statute."), and compare Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974)(Court reversing a district court's grant of a petition for writ of mandamus where the parole violator warrant had not been served on a parolee serving an intervening sentence, but was only lodged against the parolee as a detainer, and was "unable to conclude that the disadvantage constitute[d] such a grievous loss [] to permit the intrusion by a Court into th[e] highly discretionary activity[]" of a parole boards' statutory choices.)(emphasis added)).

discretionary authority as to whether or not it will consider Mack's state parole status (where the Respondents had only lodged their parole violator warrant against him as a detainer, but that warrant had not been served) while he serves an intervening federal sentence- but clearly states that he is entitled to federal habeas corpus relief where the Respondents' detainer warrant was actually executed on him by federal prison officials; that he immediately requested and otherwise demanded the constitutionally mandated parole revocation hearing by addressing several letters to his previous state parole officer, and Respondents' respective offices, and, that Respondents' intentional, arbitrary and capricious failure to accord him with the required hearing violates his Fourteenth Amendment right to due process of law, as well as exceeds the very scope of the Supreme Court's decisions in Morrissey and Moody; this Court has proper jurisdiction to settle the federal question(s) presented by the instant habeas petition. See Morrissey, 408 U.S., 481 (Quoting Boddie v. Connecticute, 401 U.S. 371, 378 (1971); Mathews v. Eldridge, 424 U.S. 319, 333, 335 (1976)).

II.

REASONS WHY THE WRIT SHOULD ISSUE

As should be readily apparent by Respondents' answer to the instant petition for writ of habeas corpus, the facts in this case are not in dispute, where the Respondents cannot identify any legal authorities nor a valid state interest in seeking this Court's affirmance of their otherwise unconstitutional suspension of the time for which the Parole Board must accord this Petitioner with the sought

parole revocation and review hearing that is unquestionably mandated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the governing precedents of the United States Supreme Court, and, those of this circuit as well, without any procedural guarantees whatsoever where, in light of the undisputed fact that Petitioner Mack has been served with the Respondents' fugitive warrant that was lodged with the federal prison authorities as a detainer; the only other purpose of the Respondents' intentional failure to adhere to the constitutional commands and mandates is to arbitrarily and capriciously further oppress the Petitioner, by postponing his release date from prison for several years (by using the presence of the detainer to disallow Petitioner's ability to earn the time for which he has served on his state sentence since the execution of the parole violator warrant, among other things). See United States ex rel. Miller v. Twomey, 479 F.2d 701, 715 (7th Cir. 1973)("The time when an inmate may enjoy liberty is directly affected by the disallowance of statutory good time.")).

Although federal courts, including the Eleventh Circuit, have held that [t]he appropriate remedy for a default by the [Parole Board] is a writ of mandamus to compel compliance with the statute[,] see Carlton, 691 F.2d 992, 993[9]; Petitioner Mack points out to this Court that his case before the bar does not concern the Parole Board's failure to comply with any statutory requirements to

9. See also Heath v. United States Parole Com'n, 788 F.2d 85 (2nd Cir. 1986); Sutherland v. McCall, 709 F.2d 730 (D.C. Cir. 1983); Cook v. United States Attorney General, 488 F.2d 667 (5th Cir. 1974).

accord him with a parole revocation and review hearing; but only with the Respondents' intentional violation of the rights afforded him under the Fourteenth Amendment Due Process Clause, and the mandates of the Supreme Court, by their failure to do so. And, where this Court is faced with, not the Respondents' discretion to follow a particular statute provision, but instead, with their intentional failure to accord this Petitioner with a process that the Constitution and the laws of the United States mandates is surely due, Morrissey, 408 U.S., at 481, which clearly demonstrates that their failure to perform in accordance with the Due Process Clause and the laws of the Supreme Court, are their intentional actions to arbitrarily and capriciously further oppress the Petitioner, See Wolff v. McDonnell, 418 U.S. 539 (1974)("The touchstone of due process is protection of the individual against arbitrary action of government."); this Court should find that Respondents' lack of action is not only unconstitutional and improper, but also causes the Petitioner to suffer a substantial injustice and extreme prejudice, where he is being completely deprived of a process that is legally due. 408 U.S., at 481.

The Due Process Clause was intented to prevent government officials from abusing their power or employing it as an instrument of oppression. See Collins v. City of Harker Hights, Tex., 503 U.S. 115, 126 (192). Consequently, when government officials, such as the Respondents in the present case, knowingly and intentionally abuse their power[10] or employ it as an instrument of

10 Here, Petitioner avers that Respondents are abusing their power by intentionally ignoring the mandates of Morrissey and Moody, and the decisions with respect to what factors triggers ....

oppression,[11] with respect to prisoners;[12] those persons in prison, like other individuals, have the right to petition the Government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.'" Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 748 (1969)(Quoted in Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081 (1972)). See also Fay, 372 U.S., at 398-99. Thus, because

...the due process requirements as to Respondents' duties to conduct the sought parole revocation hearing after their warrant had been served on the parolee. Moody, 429 u.S., at 87 ("[I]n holding that the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody, Morrissey, 408 U.S., at 488, we established execution of the warrant as the operative event triggering any loss of liberty attended upon parole revocation."); Cook, 488 F.2d, at 671 ([P]recedent confirm that execution of the warrant as the operative factor in triggering the availibilty of the revocation hearing.").

11. Here, Respondents are employing their power as an instrument of oppression where they are intentionally and arbitrarily ignoring their constitutional obligations under the commands of the Due Process Clause, the Court's directives in Moody and Morrissey, to conduct the mandated parole revocation hearing, despite their advanced knowledge that Mack-on March 21, 2001-had been served with their fugitive warrant. And, that their failure to do so is resulting in Mack's inelegibility to earn credit for time being served on his state sentence (after his arrest on the fugitive warrant) and also, the warrant currently being used by them to further restrict his liberty and rehabilitation efforts within the federal prison system. For example: Petitioner, notwithstanding the warrant, is presently eligible for transfer to less restrictive prison facilities, however, in light of the now executed warrant, his transfer has been denied. Additionally, Mack is eligible and scheduled for participation in a 500 hour drug treatment program, which, upon his successful completion, will qualify him for 1-year off his federal sentence and an assured 6-month placement in a federal halfway house and after-care program. Despite the fact that Mack's motives for participating in the 500 hour residential drug program is not that he obtain one year off his sentence or the six month halfway house placement (but that is not to say that such incentives would not be welcomed or appreciated) but, in order that he may secure the special benefits that the program have to offer; the Respondents' arbitrary and capricious inaction in presently causing him to be totally denied of equal treatment, as well due process of law.

12. Prisoners are not stripped of their constitutional rights when they pass through prison gates. Bell v. Wolfish, 441 U.S. 520 (1979); Procunier v. Martinez, 416 U.S. 396 (1974).

Petitioner Mack has properly alleged that the Respondents are depriving him of his procedural and substantive due process as a result of state action or, in the present case, inaction; due process is clearly implicated and the federal question now becomes what process is due. Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)(Citing Morrissey, 408 U.S., at481, 92 S.Ct., at 2600)).

In Mathews v. Eldridge, 424 U.S. 319, 335 (1976) the Supreme Court set forth three factors that normally determine whether an individual has received the "process" that the Constitution finds "due":

> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

Id., 424 U.S., at 335. In the instant case, there are apparently no justifications for the Respondents' failure to accord this Petitioner with the mandated revocation hearing. In their response to the petition, Respondents, without any factual or even legal support, asserts that the Petitioner "fails to state a claim upon which relief may be granted." (Doc. 6, at 4 ¶17). Conversely, however, the facts and law provides for a much different conclusion by this Court. See Hughes v. Rowe, 449 U.S. 5 (1980)(A pro se "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")). It is very extreme for the Respondents to assert that

Petitioner Mack does not allege facts that would entitle him to relief under the Due Process Clause to the Fourteenth Amendment or, for that matter, under the mandates of the Supreme Court's decisions in Moody and Morrissey, supra, with regards to their failures-that, based upon the facts of the present case, are clearly intentional and thus, arbitrary and capricious-to comply with the law, does not state a valid claim for habeas relief. See Id. 449 U.S., at 12-13 ("We cannot say with assurance that petitioner can prove no set of facts in support of his claim entitling him to relief.")(Citing Haines v. Kerner, 404 U.S. 519, 521 (1972)).

As an additional factor, the Respondents clearly misconceive the actual facts of the instant case and the gist of Petitioner Mack's claims for relief. First, the Respondents asserts that: "Whole at large on parole; petitioner left the State of Alabama without permission and was arrested in Texas for a new felony." (Doc. 6, at 2 ¶4). The fact that the Respondents misconceives is that Petitioner Mack was not required to seek prior permission before traveling to another state due to the fact that he had been upgraded to unsupervised parole at the time, and was also scheduled to be reviewed for a pardon, which would have ended his parole completely. Also, where the Respondents inadvertently misleds this Court about the material facts of this case is where they claim, without any proof or affidavits that: "So long as petitioner is serving [his] intervening sentence, the State of Alabama has no authority to demand that the United States deliver him into custody for purposes of affording him a parole

revocation hearing." Id. The Respondents clearly ignores the fact that, it is not that they are able to "demand" the United States "deliver' him into their custody in order that they may afford the parole revocation hearing in question, but only that they make a reasonable attempt at humbly submitting a request to the warden at the Federal Correctional Institution ("FCI") where Petitioner is currently being housed seeking the temporary borrowing of Petitioner Mack from the custody of the United States for the sole purpose of performing their duties, which would clearly require that the Respondents, not the United States, provide security and adequate transportation for Petitioner to be returned to their temporary custody for the purpose of affording the parole hearing. See Bell, 441 U.S., at 524 (acknowledging that in order to secure a convicted prisoner's presence the receiving facility may file "writs of habeas corpus ad prosequendum or ad testificandum ...to ensure their presence at upcoming" proceedings.). Thus, neither of the Respondents' assertions in ¶¶8 and 9 can be well taken by this Court. The State of Alabama is clearly under a constitutional duty to comply with the constitution and laws of the United States which presently requires the Respondents to provide Petitioner with a parole revocation hearing due to the fact that he has now been served with their fugitive warrant. Consequently, the only means for which the State of Alabama can effectively carry out their constitutional task is that they contact the Federal authorities in order that they may request "temporary custody" of Petitioner Mack.

Finally, because it is an indisputable fact that Petitioner Mack, when arrested in Texas, was completing his state parole as an unsupervised parolee; the facts that surround the constitution-alitiy of his arrest there are matters that are presently before the federal courts. However, the Respondents' reliance upon the assertion that he left the State of Alabama without permission is an incorrect assertion and must therefore be rejected. Also, because Petitioner Mack was arrested on the warrant on March 21, 2001, he can no longer classified as a "fugitive from his Alabama sentence", as to do so would nullify the very nature "service" for the purpose of the Supreme Court's clarifying decision in Moody, Supra. Thus, the Respondents, simply by continuing to improperly classify Petitioner Mack as a fugitive, despite their knowledge that their "Fugitive Warrant" has been served on him, is not a justifiable reason for their failure to perform their constitutional duties with respect to the present case.

In conclusion, where the Respondents are mandated by the Constitution and the laws of the United States to afford Petitioner Mack with the required parole revocation hearing, and they have unjustly ignored the same; this Court should GRANT the relief that is sought within the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Thereby, this Court should direct that the Respondent, i.e., the State of Alabama Board of Pardons and Paroles, reinstate Petitioner Mack's state parole; that the Alabama Department of Corrections, provide Petitioner Mack with a current timesheet which reflects time served since March 21, 2001

the date of this actual arrest for the parole violator warrant. The Petitioner further prays that this Court will GRANT any and all relief that the Court finds to be just, meet, and appropriate under the apparent circumstances of the present case, and in light of the factually undisputed record that Respondents are in direct violation of the Due Process Clause and the authorities of the United States Supreme Court, and thus, in order that this Court may prevent any further miscarriage of justice.

Done this 16th day of October, 2007.

Willie L. Mack
Willie Louis Mack, pro se

CERTIFICATE OF SERVICE

I, the undersigned pro se Petitioner, do hereby certify that I have furnished a copy of the foregoing to the attorney for the Respondents, by placing the same in the United States Mail with postage prepaid and affixed thereto in order to cause delivery to:

Attorney General, Troy King
c/o Mr. Hugh Davis, Deputy Att. Gen.
Alabama Board Of Pardons & Paroles
301 SOuth Riply Street
P.O. Box 302405
Montgomery, Alabama 36130

on this 17th day of October of 2007.

Respectfully submitted
Willie L. Mack
Willie Louis Mack, pro se
FCI Talladega, Reg.#02948-180
PMB 1000, Gamma-B
Talladega, Alabama 35160

MR. WILLIE LOUIS MACK, 02948-180
FEDERAL CORRECTIONAL INSTITUTION
565 EAST RENFROE ROAD, PMB 1000
GAMMA-B
TALLADEGA, ALABAMA 35160

*********LEGAL MAIL***************

OFFICE OF THE CLERK
UUNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

*********LEGAL MAIL************