IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 APR -4  A 9: 25
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIE LOUIS MACK, \*

  Petitioner, \*

Vs. \* Case No.: 2:07cv729-MEF

ALABAMA BOARD OF PARDONS &
PAROLES, et al., \*

  Respondent(s). \*

REQUEST FOR THE COURT TO PERMIT POSSIBLE
CASE SETTLEMENT DISCUSSIONS

  COMES NOW, the pro se Petitioner Willie Louis Mack, by and through himself as prisoner litigant, and hereby REQUESTS that this Court will order that Petitioner and the attorney(s) for the Respondent(s) enter into settlement discussions in the above style cause where:

  (i). It should be readily apparent on the bases of the underlying pleadings of the parties in the present case that the Court may be bound by the governing legal principles to accord the requested relief sought by this pro se Petitioner.

  (ii). Particularly, where Petitioner has undeniably been served with a copy of the fugitive warrant at issue, as early as March of 2001, and the Respondents have failed to meet their requisite constitutional duties to conduct a timely parole revocation hearing, then this Court will probably be compelled to

grant the requested writ of habeas corpus, because the Petitioner being served with the warrant in question is factually and legally tantamount to the same being "executed" upon him. Thus, the mandatory revocation procedures required by the Fourteenth Amendment controls the outcome of the present proceedings.

(iii). The actions of the parties in the present judicial proceedings, establishes that possible settlement discussions would better serve the ends of justice, and prevent any further unnecessary delays or imposition on the judicial system, if this Court would now enter an order requiring that the Petitioner and the Respondents make an honest effort to settle the instant matter. For example, as is clearly made evident by the Respondents' Answer to the underlying habeas petition, the Alabama Board of Pardons and Paroles has the <u>authority</u> to "void the delinquency [fugitive warrant] and allow [P]etitioner's Alabama sentence to end." <u>See</u> Answer to Petition for Writ of Habeas Corpus, at p.6. Also, as resently as the month of February of 2008, an authoritive member of the Alabama Parole Board had entered into negotiations with Petitioner's prison Case Manager (Ms. Vonda Dudly), of Federal Correctional Institution ("FCI") Talladega, Alabama, during which a decision was actually reached to order Petitioner's parole expired, and his Alabama sentence ended. However, upon further investigation on the part of the Alabama Parole Board member, it was latter learned that the Alabama parolee discussed with Ms. Dudly, was Petitioner Mack, and that the same had the underlying petition for writ of habeas corpus pending before this Court.

As a direct result, the Alabama Parole Board member telephoned Ms. Dudly, on the morning immediately following the date that the decision in questioned was reached, and withdrew the same.

The Due Process Clause, and fair administration of fundamental justice, prevents the government and its employees from acting arbitrarily or capriciously. Here, it appears, if one is to consider the Respondents' assertion that: "It is conceivable that, prior to petitioner being returned to Alabama custody, the Board may decide to void the delinquency and to allow petitioner's Alabama sentence to end[]" to be a true statement, then it should follow that once the Alabama Parole Board member discovered that the Alabama parolee that he and Ms. Dudly were discussing was the Petitioner in the instant case, his decision to withdraw his previous decision on the basis of the underlying litigation would be inherently contrary to the Respondent's statement quoted supra. Moreover, it should actually appear that such an assertion was only offered to undermind the judicial proceedings. In short, either the Alabama Parole Board members have the authority to allow Petitioner Mack's Alabama state sentence to end, or they do not. Regardless, where the February, 2008 decision of the Board member-between himself and Ms. Dudly, regarding this Petitioner's parole sentence-was only withdrawn because the parolee happened to be the Petitioner in the present case; such an action was unquestionably an arbitrary one made in a capricious manner.

(iv). Petitioner, under the provisions of 18 U.S.C. § 3006A Criminal Justice Act, invokes this Court's jurisdiction to appoint

professional legal representation in the present case, due to Petitioner's current status as a federal prisoner, and lack of an adequate understanding of the Court's functions. Additionally, this Court should consider the appointment of counsel in the present case for the purpose of possible settlement discussions, and, should this Court find that a genuine issue exists in this instant case, which calls for an evidentiary hearing, should settlement prove impossible. Furthermore, should it become necessary, Petitioner will require the appointment of counsel to conduct dispositions of Ms. Dudly, and to secure to telephone records of FCI Talladega (regarding Ms. Dudly's office phone during the month of February and March of 2008) in relation to those of the Alabama Board of Pardons and Paroles, in Montgomery, Alabama (334-242-8700), in order that true identity of the member may be obtained, and the corroboration of the conversation(s) be proven.

(v). Therefore, this pro se Petitioner respectfully REQUESTS that this Court will GRANT the instant request.

Done this 1st day of April of the year 2008.

*Willie S. Mack*
WILLIE LOUIS MACK, PRO SE

CERTIFICATE OF SERVICE

    I, the undersigned pro se Petitioner, hereby certify that a copy of the foregoing legal document was served upon the Attorney for the Respondents, by placing the same in the United States Mail ("Inmate Mailbox") with postage affixed and addressed to:

MR. TROY KING  
ATTORNEY GENERAL  
c/o MR. HUGH DAVIS  
DEPUTY ATTORNEY GENERAL  
Ala. Bd. Pardons and Paroles  
301 SOUTH RIPLEY STREET  
P.O. BOX 302405  
MONTGOMERY, ALABAMA 36130

on this 1st day of April of 2008.

                        Respectfully submitted;

                        *Willie S. Mack*  
                        WILLIE LOUIS MACK, PRO SE  
                        FEDERAL CORRECTIONAL INSTITUTION  
                        565 EAST RENFROE ROAD, PMB 1000  
                        GAMMA-B  
                        TALLADEGA, ALABAMA 35160

Mr. Willie Louis Mack, Reg. #02948-180
Federal Correctional Institution
565 East Renfroe Road, PMB 1000
Gamma-B
Talladega, Alabama 35160

********Legal Mail*********



IN THE OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101