IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE LOUIS MACK, )<br>)<br>Petitioner, )<br>)<br>v )<br>)<br>ALABAMA BOARD OF PARDONS )<br>& PAROLES, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 2:07cv729-MEF<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Willie Louis Mack's ("Mack") petition for habeas corpus relief under the provisions of 28 U.S.C. § 2241. Mack contends that the Alabama Board of Pardons & Paroles ("Parole Board") has violated his right to due process by failing to afford him a prompt parole revocation hearing. For the reasons that follow, this court concludes that Mack is not entitled to federal habeas relief.

**I. BACKGROUND**

In January 2000, while he was on parole from an Alabama prison sentence, Mack was arrested on drug charges by federal authorities in Texas. Mack was convicted of those charges in a federal district court in Texas, and on January 29, 2001, he began service of his 180-month federal sentence at the Federal Correctional Institution in Talladega, Alabama.

In March 2001, alleging that Mack's federal crimes constituted violations of the terms of his Alabama parole, the Parole Board, through the Alabama Department of Corrections,

issued a parole violation warrant, which was lodged with federal prison officials as a detainer.[1] Mack then requested the Parole Board to provide him with a prompt revocation hearing. The Parole Board replied that it intended to provide him with a revocation hearing only upon his completion of his federal sentence.

On August 9, 2007, Mack filed this petition for habeas corpus relief, arguing that the Parole Board's failure to conduct the requested parole revocation hearing has denied him the due process protections required under *Morrissey v. Brewer*, 408 U.S. 471 (1972).[2]

## II.  DISCUSSION

In *Moody v. Daggett*, 429 U.S. 78 (1976), the Supreme Court held that there is no constitutional duty to provide a parolee an adversary parole hearing until he is taken into custody as a parole violator by execution of the parole violation warrant. *See* 429 U.S. at 89. Noting that the petitioner's confinement at the time of issuance of the parole violation warrant derived from other convictions and not from the outstanding parole violation warrant, the Court in *Moody* stated:

> With only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect

---

[1] A detainer is "an internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a prole violation has had an opportunity to act." *Moody v. Daggett*, 429 U.S. 78, 80-81 (1976).

[2] In *Morrisey*, the Supreme Court recognized that a parolee's conditional freedom cannot be terminated without the following due process safeguards:  (1) advance written notice of the alleged parole violations; (2) disclosure of the evidence against him; (3) a hearing before a "neutral and detached" hearing body; (4) the opportunity to be heard in person and to call witnesses and present evidence; (5) the right to confront and cross-examine adverse witnesses, unless good cause is found for not allowing confrontation; and (6) a written statement by the fact finders setting out the evidence relied on and the reasons for revoking parole. *See* 408 U.S. at 489.

      on the liberty interests which *Morrissey* sought to protect. Indeed, in holding that "[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody," *Morrissey*, 408 U.S. at 488, we established *execution* of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional distinction, for the loss of liberty as a parole violator does not occur until the parolee is take into custody under the warrant."

429 U.S. at 87 (emphasis added).

      Mack maintains, incorrectly, that the parole violation warrant in his case has been executed and that, consequently, he is presently entitled to the due process protections set forth in *Morrissey*, including a parole revocation hearing. However, contrary to Mack's contention, the parole violation warrant has *not* been executed as he is currently in custody in federal prison based on his federal sentence, and he has *not* been retaken into custody by Alabama officials based on the parole violation warrant. *See D'Amato v. United States Parole Commission*, 837 F.2d 72, 76 (11th Cir. 1988). Because execution of the parole violation warrant – "the operative event triggering any loss of liberty attendant upon parole revocation," *Moody*, 429 U.S. at 87 – has not occurred, any loss of liberty suffered by Mack does not derive from the parole violation warrant, and the Parole Board has not deprived him of any due process rights by not providing him with a parole revocation hearing. Mack is not entitled to relief on the claims in his habeas petition.

### III.   CONCLUSION

      Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice.

      It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **August 26, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of August, 2008.

　　　　　　　　　　　　　　　　　　/s/Charles S. Coody　　　　　　　　
　　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE